**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO GERMAN TEPOZTECO-RIOS,<br><br>        Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-71043<br><br>Agency No. A205-712-052<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Roberto German Tepozteco-Rios, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen and remand.  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review the BIA's denial of a motion to reopen and remand for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion.  *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

In his opening brief, Tepozteco-Rios does not challenge the BIA's denial of his motion to reopen and remand based on his non-immigrant U visa petition.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying Tepozteco-Rios's untimely and number barred motion to reopen and remand based on changed country conditions where he failed to establish prima facie eligibility for relief.  *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

We lack jurisdiction to review the agency's determination not to reopen proceedings sua sponte.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-824 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for

20-71043

the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

We reject as unsupported by the record Tepozteco-Rios's contention that the agency ignored evidence or otherwise erred in its analysis of his motion.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**